**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Johnny McDaniel | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 23-cv-4138 |
| | ) | |
| v. | ) | COMPLAINT FOR |
| | ) | VIOLATION OF CIVIL RIGHTS |
| Village of Maywood, Maywood Police | ) | |
| Officers Christopher Mullaney, Star No. | ) | |
| 321, John Cochairo, Star No. 319, and | ) | |
| Brandon Hawkins, Star No. 310, and | ) | **JURY DEMANDED** |
| Unknown and Unnamed Maywood Police | ) | |
| Officers | ) | |
| | ) | |
| Defendants. | ) | |

**JURISDICTION AND VENUE**

1.      This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983).  This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331 and supplemental jurisdiction.

2.      Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**PARTIES**

3.      At all times herein mentioned, Plaintiff Johnny McDaniel (hereinafter "Plaintiff") was and is a citizen of the United States and was within the jurisdiction of this court.

4.      At all times herein mentioned Defendants Christopher Mullaney ("Mullaney"), Star No. 321, John Cochairo ("Cochairo"), Star No. 319, and Brandon Hawkins ("Hawkins"), Star No. 310, and other unknown and unnamed other Maywood Police Department Officers were employed by the Village of Maywood (collectively "police defendants" or "defendants") and

1

were acting under color of state law and as the employee, agent, or representative of the State of Illinois These Defendants are being sued in their individual capacities.

5. At all times her mentioned, the Village of Maywood, was a legal entity existing under the laws of the State of Illinois

## FACTUAL ALLEGATIONS

6. On September 30, 2022, at approximately 3:00 pm, Plaintiff was lawfully driving in his vehicle in the vicinity of 17th Ave. in Maywood.

7. At that place and time, Defendants Mullaney and Cochairo stopped Plaintiff, falsely contending that Plaintiff had violated certain traffic laws. In fact, Plaintiff had not violated any traffic laws.

8. Thereafter, Defendants Mullaney and Cochairo proceeded to falsely contend that they could smell "burnt cannabis" from the inside of Plaintiff's vehicle. In fact, there was no smell of burnt cannabis from inside of Plaintiff's vehicle.

9. The Defendants then proceeded to search Plaintiff and his vehicle. They contended that they found cannabis. In fact, they did not find any cannabis.

10. Defendant Hawkins also arrived to the scene.

11. Thereafter, all Defendants proceeded to take Plaintiff into custody and place him under arrest in connection with charges for cannabis and traffic violations.

12. Defendants and each of them then caused Plaintiff's car to be towed.

13. There was no legal or probable or other cause to detain, arrest, and/or search Plaintiff and his vehicle.

14. There was also no legal cause to seize Plaintiff's vehicle.

15. Plaintiff was then jailed until his release.

2

16.     The Defendants and each of them, caused Plaintiff to be charged with various crimes and traffic offences.

17.     There was no probable or legal cause to charge Plaintiff with any crimes or traffic offences.

18.     On or about October 28, 2022, the criminal charges against Plaintiff were dismissed and the case terminated in his favor.

19.     Plaintiff was deprived of his liberty for a period of time as a result of the acts of the Defendants.

20.     By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, loss special damages, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

21.     The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

22.     By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights.  By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1983, 42 U.S.C 1988, the Equal Access to Justice Act, or any other provision set by law.

## COUNT I

**PLAINTIFF AGAINST THE INDIVIDUAL DEFENDANTS AND EACH OF THEM KNOWN AND UNKNOWN FOR A WRONGFUL DETENTION AND PROSECUTION**

23. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-two (22) as though fully set forth at this place.

24. The Defendants and each of them, known and unknown, individually, acted to deprive Plaintiff of his Fourth Amendment rights by detaining, arresting and causing the Plaintiff to be prosecuted without probable or legal cause.

25. By reason of the conduct of defendants and each of them, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

26. In arresting and causing the Plaintiff to be arrested and prosecuted, the defendants and other unknown officers fabricated, misrepresented, wrote false reports and otherwise acted illegally to accomplish the illegal arrest and prosecution of Plaintiff.

27. Subsequent to his arrest, Plaintiff was detained for a period of time and prosecuted without probable or legal cause in violation of his Fourth Amendment rights.

28. The foregoing was unnecessary and unreasonable and was therefore in violation of Plaintiff's Fourth Amendments rights. Therefore, the Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II

**UNLAWFUL SEIZURE OF PLAINTIFF'S VEHICLE AGAINST ALL DEFENDANTS**

29. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-two (22) as though fully set forth at this place.

4

30. As alleged above, the Defendants and each of them caused Plaintiff's vehicle to be seized.

31. There was no probable other legal cause to seize and/or continue to seize Plaintiff's vehicle.

32. Plaintiff's vehicle was never returned to him.

33. The foregoing was unnecessary and unreasonable and was therefore in violation of Plaintiff's Fourth Amendments rights. Therefore, the Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT III

**PLAINTIFF AGAINST ALL DEFENDANTS AND EACH OF THEM KNOWN AND UNKNOWN FOR THE STATE LAW CLAIM OF MALICOUS PROSECUTION**

34. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-two (22) as though fully set forth at this place.

35. As alleged above, Plaintiff was prosecuted for crimes without probable cause to believe he committed any crimes.

36. The individual defendants commenced and caused there to be continued a criminal prosecution of the Plaintiff.

37. The individual defendants falsified reports against the Plaintiff and concealed exculpatory evidence, among other things, in causing and prosecuting criminal prosecution of Plaintiff.

38. The underlying criminal charges were terminated *nolle prosequi* in Plaintiff's favor on October 28, 2022.

39. The individual defendants acted with malice in doing the acts described above.

40.     Plaintiff was damaged as a result of being maliciously prosecuted as he suffered a loss of liberty, payment of attorneys' fees for the underlying criminal case and suffered emotional distress in a sum to be ascertained.

41.     The Village of Maywood is also liable pursuant to the doctrine of *respondeat superior.*

42.     The foregoing was unnecessary and unreasonable and was therefore in violation of Plaintiff's Fourth Amendments rights.  Therefore, the Defendants are liable to Plaintiff.

**WHEREFORE**, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1.     That individual Defendants and each of them and other unnamed and unknown Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2.     That these same Defendants be required to pay Plaintiff's special damages;

3.     That these same Defendants be required to pay Plaintiff's attorneys fees pursuant to 42 1983 of Title 42 of the United States Code, Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4.     That the individual Defendants and each of them and other unnamed and unknown Defendants be required to pay punitive and exemplary damages in a sum to be ascertained;

5.     That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6.     That Plaintiff have such other and further relief as this Court may deem just and proper.

BY:     s/ Edward M. Fox
ED FOX & ASSOCIATES
Attorneys for Plaintiff
118 North Clinton Street, Suite 425
Chicago, Illinois 60661
(312) 345-8877
efox@efox-law.com

**6**

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY:    <u>s/Edward M. Fox</u>
           ED FOX & ASSOCIATES
           Attorneys for Plaintiff
           118 North Clinton Street, Suite 425
           Chicago, Illinois 60661
           (312) 345-8877
           efox@efox-law.com